IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., an Illinois Medical Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MIDWEST OPERATING ENGINEERS HEALTH AND WELFARE FUND, and BLUE CROSS AND BLUE SHIELD OF ILLINOIS, an Illinois Corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) |

## COMPLAINT

NOW COMES the Plaintiff, ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., by and through its attorneys, LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C., and for its Complaint against Defendants, MIDWEST OPERATING ENGINEERS HEALTH AND WELFARE FUND, Plan Administrator, and BLUE CROSS AND BLUE SHIELD OF ILLINOIS, states as follows:

### Count I: Recovery of Benefits Due Under 29 U.S.C. § 1132(a)(1)(B)

1. This action is brought under the provisions of the Employee Retirement Income Security Act of 1974 (ERISA) to recover benefits due under the terms of a health benefits plan under 29 U.S.C. § 1132(a)(1)(B) and for statutory penalties pursuant to 29 U.S.C. § 1132(a)(1)(A), as defined in 29 U.S.C §1132(c)(1) modified by 29 C.F.R. § 2575.502c-1.

2. Plaintiff, Advanced Physical Medicine of Yorkville, Ltd., is an Illinois medical corporation with its principal place of business located at 207 Hillcrest Avenue, Suite A, Yorkville, Kendall County, Illinois 60560.

3. Plaintiff treated patient Peter Blocker ("Patient") with chiropractic manipulative treatments and therapeutic exercises between March 9, 2018 to March 22, 2018 ("the Services"). The Services are covered under the Patient's health benefits plan, Blue Cross and Blue Shield of Illinois Plan ("the Plan"). The Plan is a group benefits plan subject to ERISA.

4. Defendant, Midwest Operating Engineers Health and Welfare Fund ("MOE"), is the Plan Administrator for Patient's health benefits plan, located at 6150 Joliet Rd., Countryside, Cook County, Illinois 60525.

5. Defendant, Blue Cross and Blue Shield of Illinois ("BCBSIL"), is the Plan Provider for the Plan, located at 300 E Randolph St, Chicago, Cook County, Illinois 60601.

6. Plaintiff is the assignee of benefits for the Services Plaintiff provided to Patient and Patient's designated Authorized Representative. Patient has conveyed to Plaintiff all rights to pursue recovery of benefits due under the Plan for these services and to bring derivative actions on his behalf to recover such benefits and to pursue any other available remedies under the law. This assignment was in effect during all times relevant to this Complaint. A true and correct copy of Patient Consent and Legal Assignment of Benefits dated April 2, 2018 is attached as Exhibit "A" (hereinafter "the APMY Form").

7. This Court has subject matter jurisdiction under 28 U.S.C § 1331 for all claims asserted in this Complaint. All claims in this Complaint pose questions of federal law arising under provisions of ERISA. Additionally, 29 U.S.C. § 1132(e)(2) grants the U.S. District Court concurrent jurisdiction of claims brought under 29 U.S.C. §1132(a)(1)(B).

8. This Court has personal jurisdiction over Defendants because as Plan Administrator and Plan Provider, Defendants administered the Patient's Plan in the Northern District of Illinois

and denied claims upon the Plan's coverage for services rendered in the Northern District of Illinois.

9. Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to these claims occurred in this district.

10. As Patient's Authorized Representative, Plaintiff submitted claims on Patient's behalf to Defendants for the Services totaling $2,932.00 ("the Claims").

11. Defendants denied the Claims, and Plaintiff served an appeal on July 19, 2018, which included the APMY Form. A true and correct copy of said appeal is attached as Exhibit "B." ("the Appeal").

12. On August 8, 2018, MOE refused to review the Appeal, asserting that Plaintiff was not the Authorized Representative for the Patient because the "Midwest Operating Engineers Authorized Representative Form" (hereinafter "the MOE Form") was not signed by the Patient. A true and correct copy of said denial letter is attached as Exhibit "C."

13. The APMY Form and the MOE Form are substantially similar in that the substantive language of both forms contains the same language, but the MOE Form is on MOE's letterhead while the APMY Form is not on letterhead.

14. On May 6, 2019, MOE's legal counsel, Travis Ketterman, wrote to Plaintiff and again denied consideration of the Appeal because the MOE Form was not signed and submitted. A true and correct copy of said letter is attached hereto as Exhibit "D."

15. In the face of MOE's persistent refusal to process the Appeal, the Patient signed the MOE Form on August 5, 2019, which Plaintiff then submitted to MOE. A true and correct copy of the signed MOE Form is attached as Exhibit "E."

16. On or about August 19, 2019, MOE issued a written determination that the MOE Form was the only form that could be considered to allow Plaintiff to act as the Patient's Authorized Representative; that it would not consider the Appeal as a valid appeal; and that because one year has lapsed since the original denial of benefits, the time for an appeal had lapsed. A true and correct copy of MOE's determination letter is attached as Exhibit "F."

17. On July 24, 2020, Plaintiff's counsel wrote to MOE and demanded payment of the Claim. A true and correct copy of said letter is attached as Exhibit "G."

18. On August 3, 2020, MOE's counsel wrote to Plaintiff's counsel and again denied the Claim as allegedly untimely. A true and correct copy of said letter is attached as Exhibit "H."

19. 29 CFR 2560.503-1(b)(4) states that "[t]he claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination. Nevertheless, a plan may establish reasonable procedures for determining whether an individual has been authorized to act on behalf of a claimant, provided that, in the case of a claim involving urgent care, within the meaning of paragraph (m)(1) of this section, a health care professional, within the meaning of paragraph (m)(7) of this section, with knowledge of a claimant's medical condition shall be permitted to act as the authorized representative of the claimant."

20. As such, Plaintiff was under no obligation to tender the signed MOE Form when the APMY Form was sufficient under the law.

21. MOE had a duty to accept the APMY Form and process the Appeal through Plaintiff. MOE breached said duty by refusing to accept the APMY Form and process the Appeal through Plaintiff.

22. MOE's refusal to accept the APMY Form to process the Appeal through Plaintiff and demand to only process an appeal if a signed MOE Form was submitted is an unreasonable procedure and arbitrary and capricious.

23. MOE's refusal to pay the Claim on the grounds that the Appeal was untimely because the MOE Form was not submitted within one year is vexatious and fraudulent, and an attempt to deny the valid Claim without just cause.

24. 29 U.S.C. §1133(c)(2) provides that an employee benefit plan shall "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."

25. Plaintiff is a participant under the Plan pursuant to the assignment of benefits contained in the APMY Form and the MOE Form.

26. MOE was a fiduciary under the Plan.

27. MOE's refusal to accept the APMY Form and process the Appeal through Plaintiff did not afform Plaintiff a reasonable opportunity a fair review, and therefore, was a breached of MOE's fiduciary duties.

28. 29 U.S.C. § 1132(g) states that "[i]n any action under this title (other than an action described in paragraph 2) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

WHEREFORE, for the foregoing reasons, Plaintiff ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., respectfully requests this Court to enter judgment in its favor and against Defendants, MIDWEST OPERATING ENGINEERS HEALTH AND WELFARE FUND and BLUE CROSS AND BLUE SHIELD OF ILLINOIS, in the amount of $2,932.00 plus attorney's fees and costs and such other relief as this Court deems just.

### Count II: Recovery of Statutory Penalties Pursuant to 29 U.S.C. § 1132(a)(1)(A)

1-28. Plaintiff realleges paragraphs 1-28 of Count I as its paragraphs 1-28 of Count II as though fully set forth herein.

29. 29 U.S.C. §1132(c)(1)(B) as modified by 29 C.F.R. § 2575.502c-1, provides for a penalty up to $110.00 per day to any plan administrator who "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant beneficiary […] within 30 days."

30. MOE failed to provide Plaintiff with a reasonable opportunity to a full and fair review process because of MOE's unjustified refusal to accept the APMY Form, and therefore, Plaintiff is entitled to recover a statutory penalty against MOE of $110 per day since it refused to process the Appeal on August 8, 2018, which continues to increase for every subsequent day MOE remains delinquent in its duties.

WHEREFORE, for the foregoing reasons, Plaintiff ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., respectfully requests this Court to enter judgment in its favor and against Defendants, MIDWEST OPERATING ENGINEERS HEALTH AND WELFARE FUND and BLUE CROSS AND BLUE SHIELD OF ILLINOIS, as follows:

A. Statutory penalties as provided in § 1132(c) of $110 per day for every day since August 8, 2018 for MOE's arbitrary and capricious denial of benefits by refusing to accept the APMY Form and process the Appeal, which to date exceed $100,000;

B. Reasonable attorney's fees and costs as allowed under 29 U.S.C. § 1132(g)(1);

C. Such other relief as this Court deems just.

LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.

By: /s/ 
One of the Plaintiff's Attorneys

6

Kenneth S. McLaughlin, Jr.
LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.
495 N. Commons Drive, Suite 103
Aurora, IL  60504
630-230-8434
630-230-8435 FAX
ARDC:  6229828
kmclaughlin@ma-lawpc.com